NUMBER 13-00-177-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ABEL FLORES RABAGO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 194th District Court


of Dallas County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 A jury convicted appellant, Abel Flores Rabago, of possession with
intent to deliver methamphetamine and assessed punishment at
twenty-five years in prison. We modify the trial court's judgment and
affirm it as modified.

 On May 21, 1999, Officer Warren was on patrol when he saw
appellant driving a car over the speed limit. Warren tried to stop him,
but appellant accelerated. He gave chase, and appellant stopped briefly
to let someone out of the car. This person was not apprehended. 
Warren, along with Officers Jones and Ell, chased appellant until he hit
a mailbox and stopped. Appellant ran from the car, but was
apprehended a short distance from the scene. Officer Jones searched
the car and found an open duffle bag "in the immediate area behind the
seats." He could not remember if the bag was on the rear seat or in the
floorboard area, but his testimony was that the bag was accessible
from either the front passenger seat or the driver's seat. Jones
searched the bag and found a loaded handgun. Officer Ell did a more
thorough search of the bag and found appellant's passport inside the
bag's side pocket. He also found a rolled up cardboard milk container,
which contained a foil-wrapped ball. He unwrapped the foil and found
a plastic baggie containing a tan-colored powder. The investigation
showed that the car was not registered to appellant.

 Forensic analysis of the contraband showed that it contained 5.8
grams of methamphetamine. The total weight of the powder in the
baggie was thirty-five grams.

 Officer Pryor, who had worked ten years in the narcotics division
of the Dallas Police Department, testified that a dosage of
methamphetamine is approximately one-quarter of a gram. The street
value for one gram is approximately $100. His testimony was that a
person who had thirty-five grams of methamphetamine in a bag
without having the drug divided into quarter-gram containers indicated
that the person was a mid-level dealer. He testified that the thirty-five
grams of methamphetamine, which included the adulterants and
dilutants, could be cut to seventy grams of methamphetamine with a
$7,000 street value. 

 Appellant did not testify and did not call any witnesses to testify.

I. Factual Sufficiency


 By issue one appellant challenges the factual sufficiency of the
evidence to prove that he possessed the methamphetamine. He argues
that there are insufficient affirmative links to show that he possessed
the contraband with intent to deliver, because the passenger, who had
fled from the car, had as much access to the contraband as he did.

 When reviewing the factual sufficiency of the evidence we apply
the test set forth in Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). In order for the State to meet its burden and establish that
the evidence was sufficient to support a verdict of guilt it must meet
two evidentiary requirements: first the State must prove that appellant
exercised actual care, control, and management over the contraband; 
and second that appellant had knowledge that the substance in his
possession was contraband. King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995). Evidence which affirmatively links the defendant to
the controlled substance will suffice to prove that he possessed it
knowingly. McGoldrick v. State, 682 S.W.2d 573, 578-79 (Tex. Crim.
App. 1985). 

 In determining whether the evidence links the defendant to the
drugs we have considered the following factors: (1) the defendant's
proximity to and the accessibility of the narcotic; (2) whether the
defendant attempted to flee; (3) whether defendant owned or had the
right to possess the place where the drugs were found; and (4) whether
the place the drugs were found was enclosed. Villarreal v. State, 865
S.W.2d 501, 503-04 (Tex. App.--Corpus Christi 1993, pet. ref'd). The
State need not show the accused's possession to be exclusive; evidence
which shows that the accused jointly possessed the contraband with
others is sufficient. Vargas v. State, 883 S.W.2d 256, 262 (Tex. App.--Corpus Christi 1994, pet. ref'd).

 The evidence showed that appellant was driving the car in which
the duffle bag was found. The fact that he fled from the police and
abandoned the car and fled on foot is evidence that he knowingly
possessed the methamphetamine. See Villarreal, 865 S.W.2d at 503-04. Further the fact that his passport was found in the same bag in
which the methamphetamine was found, in particular, suggests that
the duffel bag belonged to him. The evidence showed that the bag was
easily accessible to him. Finally the fact that appellant was found with
a substantial quantity of methamphetamine--having a street value of
some $7,000--would further indicate that it was unlikely appellant was
in possession of such a valuable item without being aware of it.

 A rational jury could reasonably infer from the circumstances that
appellant's actions showed that he knew of the methamphetamine and
that he exercised care, control, and management of the contraband
with the intent to deliver it. We hold that the verdict is not so against
the great weight of the evidence that it is clearly unjust. We conclude
that factually sufficient evidence supports the verdict. We overrule the
first issue.

II. The Judgment


 By issue two appellant asks this Court to reform or amend the
judgment because it incorrectly states that he was convicted of
possessing heroin with intent to deliver. Appellant's indictment was
amended to show that he was indicted for possession with intent to
deliver methamphetamine. We have authority to modify a trial court's
judgment to correct the trial court's error. Tex. R. App. P. 43.2(b). We
modify the judgment to show that appellant was convicted of unlawful
possession with intent to deliver a controlled substance; to-wit:
methamphetamine. We sustain the second issue.

 We MODIFY the judgment, and as modified, we AFFIRM. 


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 26th day of April, 2001.